(No. 43953.—▮▮▮▮▮▮▮▮▮▮▮)

GENERAL CARBON COMPANY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Flora Whittle, Appellant.)

*Opinion filed January 28, 1972.*

GEORGE W. PRESBREY, of Aurora, for appellant.

PRICE, NOETZEL, SCHLAGER & BURGESON, of Chicago, (JOHN E. CUNNINGHAM, of counsel,) for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The claimant, Flora M. Whittle, filed a claim under Workmen's Compensation Act (Ill.Rev.Stat. 1969, ch. 48, par. 138.1 *et seq.*) for injuries allegedly arising out of and in the course of her employment. The arbitrator's decision

in favor of appellant was affirmed by the Industrial Commission but on *certiorari* the circuit court of Du Page County reversed and appellant has appealed to this court. The sole issue in dispute on appeal is whether the Commission's decision that appellant was injured on August 30, 1967, is contrary to the manifest weight of the evidence.

At a hearing conducted before the arbitrator, appellant testified that on Wednesday, August 30, 1967, while at work, she picked up some brushes to place on a table and "felt something tear loose in [her] back." She then became nauseated and after a brief rest reported the incident to her supervisor, Levada Hillard. She was advised to go home and use liniment for the pain. This conversation allegedly occurred in the presence of another woman whom the appellant could identify only as "Mary". She further stated that she did not work the following day but that she did return on Friday and the following Tuesday in order to qualify for the Labor Day holiday wages. She was definite as to the date of her injury because of this intervening holiday. Appellant further stated that because of the intensity of the pain she was forced to stop working on September 12, 1967.

She was treated for the pain with medication by her family physician beginning on September 18, 1967, and hospitalization was eventually required. Prior to entering the hospital on December 14, 1967, an unidentified insurance adjuster, to whom she gave a statement concerning the manner of her injury, visited her at home. During their conversation she informed the adjuster that her family physician wanted her to enter the hospital but she could not go at that time. The adjuster then allegedly told her to go to the hospital for an operation. On cross-examination she stated that she went to her family doctor rather than to the company physician because she was unaware that the company offered medical services.

Her husband testified that in September, 1967, he

notified Levada Hillard of his wife's injury. She in turn informed Mr. Carhart, a company supervisor, of the incident and he requested that Mr. Whittle sign a document which purportedly would allow his wife to receive compensation. However, no payments were ever made.

Thelma Law, appellant's daughter, stated that after her mother's operation she talked to Carhart about payment of the medical bills. She was informed that payment could be made under another insurance plan if her mother would state that she was not injured in the course of her employment. However, the offer was not accepted.

Since no issue is raised on appeal concerning the nature of appellant's physical disorder, we need not review in detail the medical evidence. Claimant's family physician had prescribed medication which was unsuccessful. Thereafter she was referred to Dr. Markarian, an orthopedic surgeon, who testified that she complained of back and leg pains which developed after lifting a heavy object at work in August, 1967. When physical therapy failed to alleviate the pain, surgery was performed in the L4—L5 lumbar area and disc material was removed. In response to a hypothetical question, Dr. Markarian was of the opinion that there could be a causal connection between the incident described by appellant and her subsequent pain.

The company presented its bookkeeper who qualified its time cards as business records. These items showed appellant's work record immediately prior and after the alleged date of her injury. Absent from these records was the card which covered the period of August 30 to September 5, 1967. The witness explained the absence by stating that the company would not keep the time cards when an employee did not work during the particular week. At a subsequent hearing this witness produced other payroll records based upon the time cards indicating that appellant did not work on August 30, 1967.

Levada Hillard testified that appellant informed her

she had hurt her back but she could only recall that this report was made in July or August, 1967. She further stated that she first learned of the injury from Mr. Whittle in September, 1967, and she so informed Carhart.

Mary Slager, appellant's co-worker, testified that she briefly worked with Mrs. Whittle during July, 1967, and appellant told her of [an] injury.

The arbitrator found that the claimant sustained an injury in the course of her employment on July 12, 1967, rather than the date claimed in the application, and entered an award in her favor. On review the Commission determined the date of injury to be August 30, 1967, and confirmed the award. The circuit court, in reversing the decision and award of the Commission, held that appellant failed to sustain the burden of proof that she was injured on August 30, 1967, relying substantially upon the fact that the arbitrator had found the date of injury was July 12, 1967.

It has been enunciated in numerous decisions on judicial review of factual issues and their reasonable inferences and conclusions, that the court's purpose is to determine whether the Commission's findings are contrary to the manifest weight of the evidence. *Miller-Patton Baking Co. v. Industrial Com., 49 Ill.2d 324; Williams v. Industrial Com., 49 Ill.2d 317; Pope v. Industrial Com., 45 Ill.2d 48,* and cases therein cited.

Appellant's position is supported by her testimony that she was injured while working on August 30, 1967, and this assertion as to the place and approximate date of the injury (August, 1967) was also made to Dr. Markarian. Further, the injury was promptly reported to the company, and she refused benefits which were available to her from non-occupational insurance coverage. These facts clearly distinguish the present case from those cases primarily relied upon by appellee. *(Deere and Co. v. Industrial Com., 47 Ill.2d 144; United States Steel Corp. v. Industrial Com., 8 Ill.2d 407; Corn Products Refining Co.*

*v. Industrial Com., 6 Ill.2d 439.)* The company's position arises from the absence of claimant's time card for the date in issue, its pay records which indicate claimant did not work on the disputed date, and the inconclusive testimony of her supervisor and co-workers which suggests that she was injured prior to August 30, 1967. From the record before us, we cannot say that the Commission's findings, including the date of injury, were contrary to the manifest weight of the evidence.

The judgment of the circuit court of Du Page County is reversed and the award reinstated.

*Judgment reversed, and award reinstated.*