(No. 54820.—

HART CARTER COMPANY, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (Robert Boolman, Appellee).

*Opinion filed March 29, 1982.*

488

Douglas F. Stevenson and James J. Stamos, of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellant.

Gary L. Shultz, of Shultz & Raymer, of Bloomington, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

This is a direct appeal of a workmen's compensation case from the circuit court of McLean County pursuant to Supreme Court Rule 302(a) (73 Ill. 2d R. 302(a)). The arbitrator awarded Robert Boolman, who was employed by Hart Carter Company, 15 weeks' temporary total disability pursuant to section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(b)), and the Industrial Commission affirmed. The circuit court of McLean County reversed and remanded with instructions that the Industrial Commission make a special finding as requested by the employer, Hart Carter Company. (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(e).) The Industrial Commission then issued a decision making the finding of fact and again affirming the decision of the arbitrator. The circuit court confirmed.

Two issues are raised on appeal: whether the award of the Industrial Commission is against the manifest weight of the evidence, and whether the special finding of the

Industrial Commission met the requirements of section 19(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(e)).

Prior to January 19, 1976, the date of the alleged injury, Robert Boolman had been employed by Hart Carter Company in Gridley, Illinois, for approximately one year. At the time of the accident, he was working as a spin riveter, putting hardware on metal frames of farm equipment. He testified that on the day of the accident he reached up to get four frames off a shelf and in bringing them down he felt something give in his back. That day he had begun work about 6:30 a.m.; the incident occurred about 8:30 or 9 a.m. He worked until approximately 11:30, at which time he told his foreman, Bob Lovings, that he had injured himself and was in pain and needed to go home.

Boolman's testimony is contradicted by that of Bob Lovings, who testified that Boolman told him only that his legs hurt him and that he wanted to go home. According to Lovings, Boolman did not mention his back or that an accident had occurred at work and did not ask to see the company nurse.

An absence report, but not an injury report, was later filled out. No one witnessed the accident, and Boolman apparently talked to no one else at that time.

On January 21, 1976, two days later, Boolman signed a typed statement which had been prepared by the plant superintendent, Lyle Gilmore, which stated that to the best of Boolman's knowledge he did not injure himself at work and that he wished to be covered by group insurance. Also on that date he saw his physician, Dr. Gordon Shultz, an orthopedic surgeon in the Bloomington-Normal area. In connection with that visit and with another visit on January 23, 1976, Dr. Shultz completed an attending physician's statement for a group insurance form. On that form, Dr. Shultz indicated his diagnosis as "low grade

inflammatory disease, lumbar spine," and answered "no" to a question as to whether the condition was due to an injury or sickness arising out of employment and "yes, April 1975," to a question as to whether the patient had ever had the same or a similar condition. Boolman was hospitalized for his back problems from January 26, 1976, to January 31, 1976.

In this appeal the employer seeks to characterize the compensation claim as an "afterthought" on the part of the employee, corroborated only by "doctored" records. The employer argues that Dr. Shultz's testimony was discredited both by the fact that he had referred the case to his son, an attorney, and by the allegedly "doctored" records. The employer further argues that after disregarding Dr. Shultz's discredited testimony, the record contains only the employee's uncorroborated testimony, which was itself contradicted by his written statement that he had not been injured at work. Finally, the employer argues that the employee's uncorroborated statement cannot support an award when it is contradicted by other evidence in the record.

Based on his evaluation of the evidence presented at the hearing, the arbitrator found that on January 19, 1976, Robert Boolman had sustained accidental injuries arising out of and in the course of his employment. The evidence is indeed contradictory. At the hearing, Boolman testified that he had notified his foreman that he was injured at work. His foreman testified that Boolman had told him only that his legs were hurting and that he wanted to go home. Boolman sought to explain his signed statement that his injury did not occur at work by testifying that he misunderstood the import of what he was signing and that he did not understand the difference between group insurance and workmen's compensation. In return, the employer suggests that since Boolman had already had both a workmen's compensation award and a group in-

surance claim during his tenure at Hart Carter Company, he was bound to know the difference between the two. It is uncontradicted, however, that, when the group insurance payment did arrive, Boolman refused to accept it, saying that he had been injured at work.

Dr. Shultz testified at the hearing that he had diagnosed Boolman's condition as "an infected disc space between the fourth and fifth lumbar vertebrae." When asked whether lifting metal frames could have a causal relationship with the discomfort Boolman experienced, Shultz replied that Boolman's infection was in a space between two vertebrae where a disc had been removed and that trauma can aggravate such a condition.

As indicated earlier, the employer seeks to discredit Dr. Shultz's testimony both by the suggestion that Shultz referred Boolman's compensation case to his son and by the suggestion that Shultz's records had been altered, presumably to support Boolman's claim. Specifically, the employer argues that the typewritten dates with respect to the date "symptoms first appeared or accident happened" and the date when "patient was continuously totally disabled" on the group insurance form had been interlineated to read the 19th of January, the date of the claimed accident. Secondly, the employer also attacks the validity of Shultz's typewritten office records on the ground that they contain a handwritten notation "lifting frames off shelf" and the date, January 19, 1976. The doctor's office notes are dated January 21, 1976, the date of Boolman's first injury-related office visit, and contain the notation: "About 48 hours ago he had a recurrence of back pain and it is very excruciating. *** I wanted him to enter the hospital but he wants to go back to work. I just don't see how he can." The insurance form containing the interlineated dates was checked "no" in answer to the question concerning whether the injury arose out of employment.

When Dr. Shultz was questioned about the alterations, he responded that he did not personally make them nor were they made at his direction, but that it was likely an employee in his office did it. There were also other handwritten notations on the doctor's records that are not particularly relevant to the issues in this case.

We have many times held that resolving conflicts in the evidence, drawing inferences from testimony, and determining credibility of witnesses and the weight to be given to their testimony are matters within the province of the Industrial Commission, and this court will not disturb the Commission's finding unless against the manifest weight of the evidence. (*Long v. Industrial Com.* (1979), 76 Ill. 2d 561, 565.) In *Riteway Plumbing v. Industrial Com.* (1977), 67 Ill. 2d 404, as in the instant case, the employer contended that the claimant had failed to complain of an injury to his back immediately after the accident and that this failure compelled the conclusion that the claimant was not injured at work. In that case, while we observed that this circumstance does raise questions of credibility and conflicting testimony, we concluded: "We will not reverse the Commission merely because some evidence incompatible with its finding exists in the record." *Riteway Plumbing v. Industrial Com.* (1977), 67 Ill. 2d 404, 409.

Further, the employer has sought in this appeal to make much of the fact that this was not the claimant's first experience with back problems. However, it is well established that an employee is entitled to recover for all the consequences of an aggravation to a preexisting condition. The accident need not be the sole cause of the disability or even the principal cause of the disability. The employee must only prove that it is *a* causative factor. *County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24, 29-30.

In *Thrall Car Manufacturing Co. v. Industrial Com.*

(1976), 64 Ill. 2d 459, this court again considered the argument that a claimant's signing of a group health insurance benefit form compels the conclusion that an injury is not work related, similar to the argument made in the instant case. The court concluded that a claimant's signing a nonoccupational insurance form was only *one of the factors* to be considered. (*Thrall Car Manufacturing Co. v. Industrial Com.* (1976), 64 Ill. 2d 459, 464.) Further, in *National Lock Co. v. Industrial Com.* (1979), 75 Ill. 2d 259, 264, this court observed:

> "The fact that it might be inferred that a party has made out-of-court statements inconsistent with his sworn testimony does not *per se* destroy the probative value of his testimony * * *."

It is for the trier of fact to determine where the truth lies. Although the employer presented evidence which would reflect adversely upon the credibility of the employee, it is peculiarly within the province of the Industrial Commission to determine the credibility of witnesses and the weight to be given to their testimony. *Spiegel, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 226, 229.

There is evidence in the record to support the employer's contention. However, we feel the record as a whole discloses that the Commission's decision is not contrary to the manifest weight of the evidence. We will not set aside an award solely because we might have made a finding on the evidence different from the one made by the Commission or because we might have drawn inferences different from the ones drawn by the Commission. *Converters, Inc. v. Industrial Com.* (1975), 61 Ill. 2d 218, 223.

The employer relies heavily on *Corn Products Refining Co. v. Industrial Com.* (1955), 6 Ill. 2d 439, in which the employee signed an application for accident and insurance benefits and in which the employee's testimony was directly disputed by that of his foreman. In that case, however,

the employee had accepted insurance payments. This is different from the instant case, in that Robert Boolman refused to do so. Furthermore, in that case the court found that there was no evidence in the record that a claim for compensation had been made within the period required by the Act and that the Industrial Commission was therefore without jurisdiction to make an award of compensation. *Corn Products Refining Co. v. Industrial Com.* (1955), 6 Ill. 2d 439, 444-45.

Finally, the employer argues that the request for special findings pursuant to section 19(e) of the Workmen's Compensation Act was not adequately met and that therefore the award is void under the terms of section 14 of the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1977, ch. 127, par. 1014). We need not address the applicability of the Administrative Procedure Act or the merits of the argument, however, since we hold that the request for special findings was adequately met by the Industrial Commission.

Specifically, the employer requested, *inter alia,* a special finding as to whether someone had tampered with the records of Dr. Gordon Shultz. On remand, the Commission found that there was no tampering with the records of Dr. Gordon Shultz. The employer argues that this is an inadequate response to a request for a special finding because it lacks a statement of underlying facts. We agree, however, with the determination of the circuit court that such a finding is adequate to meet the requirements of section 19(e). The circuit court concluded:

> "[I]n this case the record is *absent any facts* to show that the medical records of Dr. Shultz were tampered with and the Commission's special finding that the records were not tampered with is in accordance with the remanding order of this Court ***." (Emphasis added.)

On the original review by the Industrial Commission the employer had requested special findings of fact on two issues in addition to the one discussed above:

"1. Whether an accident within the meaning of the Act occurred.

2. Whether notice of the accident was given to Respondent as required by law."

In its decision the arbitrator had found "that on the date last above mentioned [January 19, 1976] said Petitioner sustained accidental injuries arising out of and in the course of the employment; and that notice of said accident was given said Respondent within the time required under the provisions of said Act." The Industrial Commission affirmed and adopted the decision of the arbitrator, which, as noted above, had found that on January 19, 1976, the employee had sustained an accidental injury arising out of and in the course of his employment and that notice of the accident had been given to the employer.

The record before us does not disclose whether the alleged deficiencies in the findings of fact on these two issues were ever raised in the circuit court of McLean County. The record does reflect that the case was remanded by the circuit court for a specific finding on the issue of whether Dr. Shultz's records had been tampered with. We cannot tell from the record now before us whether the circuit court, at the time it rendered that order, was satisfied with the sufficiency of the findings on the other two issues or whether the employer had failed to ask the court to pass on the sufficiency of these findings. The record of the first review by *certiorari* in the circuit court is not included in the record presented to us on this appeal. There is just nothing in the record that shows that the question of the sufficiency of the findings on the two issues now raised is at this time properly reviewable by this court.

Accordingly, the judgment of the circuit court of McLean County is affirmed.

*Judgment affirmed.*