(No. 56996.—

ALICE DOYLE, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Capitol Dairy Queen, Inc., Appellant).

*Opinion filed May 27, 1983.*

John E. Cassidy, Jr., of Cassidy & Mueller, of Peoria, for appellant.

James L. Walker, Ltd., of Bloomington, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

An arbitrator denied Alice Doyle, the claimant, compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*). Upon review, the Industrial Commission affirmed the decision of the arbitrator and on *certiorari* the circuit court of Livingston County set aside the decision of the Commission and remanded the matter to the Commission for a new hearing. Respondent, Capitol Dairy Queen, Inc., appealed to this court pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)). This court dismissed respondent's appeal for want of an appealable order. (See *Allis-Chalmers Manufacturing Co. v. Industrial Com.* (1971), 50 Ill. 2d 2, 5.)

A new hearing and oral argument were held before the Commission. The Commission issued a decision and opinion pursuant to the remanding order of the circuit court. In the opinion the Commission stated that the circuit court order setting aside the Commission's prior decision and remanding the cause for a new hearing was unclear as to the reason for the order. Therefore, the Commission rendered its decision in the alternative. The Commission first found that the claimant had failed to prove a causal connection between her condition of ill-being and any activities performed in the course of her employment prior to the onset of her condition of ill-being. In the alternative, the Commission stated that if the circuit court had determined that there was no factual dispute as to the existence of a causal connection between claimant's work at the Dairy Queen and her condition of ill-being, and if the case had been remanded merely to determine the nature and extent of claimant's disability and not to decide any factual dispute, then the claimant was permanently and totally disabled.

Both parties sought review, and on *certiorari* the circuit court of Livingston County vacated the first finding and affirmed the second finding as to petitioner being permanently and totally disabled and ordered the payment of compensation. This matter is now before us on direct appeal pursuant to Rule 302(a) (87 Ill. 2d R. 302(a)).

Alice Doyle was employed by respondent as the manager of its Dairy Queen store in Pontiac. At the hearing before the arbitrator, claimant testified as to the events of February 24, 1975, the day of the alleged accident. She stated that she arrived at work between 8 and 9 a.m. and worked throughout the entire day. She testified that she was mixing a batch of strawberry topping at approximately 5 p.m. She described this as a somewhat strenuous activity due to the viscosity of the mixture.

After mixing two buckets of this topping, Doyle said she carried them to a walk-in cooler and then helped her daughter, who was making ice cream bars. It is undisputed that on two occasions claimant carried a box of ice cream bars to an outdoor freezer located behind the Dairy Queen facilities. These boxes weighed approximately five to six pounds. While returning from her second trip to the freezer, at approximately 5 p.m., claimant felt a numbness in her right leg. The numbness progressed up her leg, and she was subsequently hospitalized. It was later found that claimant had suffered an intracerebral hematoma, the cause of which was an arteriovenous malformation.

The evidence deposition of Dr. Joseph Cascino was admitted before the arbitrator. Dr. Cascino, a neurosurgeon, stated that an arteriovenous malformation is a malformed blood vessel, which is usually congenital in nature. Dr. Cascino explained that when a strain is placed on such a blood vessel, it may rupture, allowing blood to escape and causing a hematoma. Such a blood vessel was located in the area of claimant's brain and did in fact rupture and cause her condition of ill-being.

At issue here is whether or not this condition of ill-being arose out of and in the course of claimant's employment. Dr. Cascino stated in his deposition that a straining maneuver would cause an increase in blood pressure, putting more of a strain on a malformed blood vessel, which could cause it to rupture. However, the doctor also stated that if the claimant had not incurred a straining maneuver prior to her condition of ill-being, he "would have to accept the fact that she had a hemorrhage without strain." The doctor further stated that it was possible for claimant to have suffered the ruptured blood vessel while sitting in a chair at work. The critical question is: Did Alice Doyle perform a work-related straining maneuver sufficient to bring about this condi-

tion of ill-being? Although claimant testified at arbitration that she had mixed a batch of topping, carried it to the walk-in cooler, helped her daughter make ice cream bars, and then carried the ice cream bars to the freezer, this testimony was contradicted at the arbitration hearing.

On April 29, 1975, John Vogel, a representative of Aetna Insurance Company, interviewed the claimant. She testified at arbitration that she had given Vogel permission to tape record the interview, a transcript of which was entered into evidence over claimant's objections. In her statement to Mr. Vogel, claimant related the events of February 24, 1975, the date of the alleged accident. She stated that she "went in early to do [her] paper work, and to go to the bank, and just generally to get started up before [her] people came into work, they came in at ten ***." When asked if she worked all day, claimant testified, "I don't remember if I came home that afternoon or what, I think I did for a while." Claimant then stated she would have returned to work no later than 4 p.m. When asked what she had been doing prior to the onset of her condition of ill-being, claimant said, "Well, I'll just help wherever I was needed and we had been making Busters [ice cream bars] and I had just taken a box out to the freezer." Claimant went on to state that there was not much physical activity involved in making these ice cream bars. At no time during her statement to Vogel did claimant mention mixing a batch of topping, or any other strenuous activity. At arbitration, claimant was questioned as to the accuracy of this statement. She indicated she may have given these answers to Vogel but could not remember for sure.

Teresa Doyle, claimant's daughter, testified that she arrived at the Dairy Queen at approximately 4 p.m. on the day in question, at which time her mother was making strawberry topping.

Donald Doyle, claimant's husband, testified at arbitration that he arrived at the Dairy Queen about 5 p.m. on the day in question. Mr. Doyle stated that when he arrived, claimant was helping Teresa make ice cream bars. Mr. Doyle also gave a taped interview to Mr. Vogel, a transcript of which was introduced into evidence over claimant's objections.

In *Spector Freight System, Inc. v. Industrial Com.* (1983), 93 Ill. 2d 507, 514, we stated:

> "It is axiomatic that this court, upon review of a workmen's compensation case, is limited to the determination of whether the findings of the Industrial Commission are against the manifest weight of the evidence, and that the Commission's prime function is to resolve disputed questions of fact and conflicts in the evidence and that these findings must be upheld unless against the manifest weight of the evidence. [Citations.]"

Our examination of the record shows that the findings of the Commission are not contrary to the manifest weight of the evidence. It is possible to infer from the record that claimant did not engage in any strenuous activity prior to the onset of her condition. We will not set aside the decision of the Commission merely because it is possible to draw a different inference from the evidence. *Spector Freight System, Inc. v. Industrial Com.* (1983), 93 Ill. 2d 507, 515; *Hart Carter Co. v. Industrial Com.* (1982), 89 Ill. 2d 487, 495.

Dr. Cascino stated that claimant's condition of ill-being could have been precipitated by a straining maneuver such as mixing a viscous batch of topping. He also stated it could have occurred in the absence of any physical activity. It is axiomatic that the resolution of conflicting medical testimony is for the Commission, and its decision will not be set aside by this court unless it is contrary to the manifest weight of the evidence. *Spector Freight System, Inc. v. Industrial Com.* (1983), 93 Ill. 2d 507; *International Harvester v. Industrial Com.* (1982), 93 Ill. 2d 59.

Claimant now contends that the transcriptions of the statements of claimant and her husband should not have been admitted because they were not properly authenticated. No such objection was made when the statements were offered before the arbitrator, and we consider such objection waived. The only objection was that the statements were not impeaching. The statement of claimant was not offered as an impeaching statement. Since she was a party, the statement was offered and properly admitted as a prior admission. As such, it is relevant evidence upon the fact in issue. (McCormick, Evidence sec. 37, at 74 (2d ed. 1972).) When Mr. Doyle's statement was offered, it was objected to as not being impeaching or inconsistent with his testimony. Counsel for the employer stated that since this was not a trial before a jury he suggested the arbitrator could admit the statement. If it contained no impeaching material, the arbitrator could disregard the statement. If it contained some statements inconsistent with the witnesses' testimony, the arbitrator could consider these statements. The arbitrator admitted the transcript of the oral statements on that basis. We do not consider this error.

For the reasons stated above, the judgment of the circuit court of Livingston County is reversed and the original decision of the Industrial Commission affirming the denial of compensation is reinstated.

*Judgment reversed.*