SWIFT AND COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION (James Colley, Appellee).

Second District (Industrial Commission Division)    No. 2—86—0154WC

Opinion filed November 6, 1986.—Rehearing denied January 9, 1987.

John H. Guill and Paul Werner Schumacher, both of Roddy, Power & Leahy, Ltd., of Chicago, for appellant.

Harry Schaffner, of Schaffner & Associates, Chartered, of West Dundee, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant, James Colley, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) for injuries he sustained to his lower back while employed by Swift and Company. An arbitrator made a preliminary award of $296.05 per week for 22⁵/₇ weeks of temporary total disability benefits and $5,596.50 for necessary medical services. The arbitrator also awarded claimant additional compensation in the amount of $1,580 under section 19(1) due to the employer's refusal to pay temporary total disability benefits. The Commission affirmed the decision of the arbitrator, and the circuit court of Kane County confirmed the decision of the Commission. On appeal the employer contends that the Commission failed to consider all of the evidence; that the Commission erred in finding the accident occurred on a date other than the date offered by claimant; and that the award of penalties is against the manifest weight of the evidence.

Claimant is a millright employed by Swift. He testified that in November 1981 he was working with employees from Griffith Laboratories, building a mincemaster machine. While two of the Griffith employees were underneath the machine on the opposite side, claimant and a third Griffith employee, Hans Niewalt, tried to loosen two nuts which held a large motor onto the machine. When claimant attempted to turn the wrench, he slipped and fell back against a platform located 5 or 6 feet behind the machine. Claimant immediately felt pain in his right hip, shoulder, and lower back. Claimant further testified that at some point Niewalt had cautioned him to be careful not to hurt himself, and claimant replied, "I think I already have." Later in the morning, Charles Staples, whom claimant testified was his supervisor at the time, asked claimant why he was limping. Claimant replied that he had been hurt while working on the mincemaster. Claimant continued to work for the rest of the day. When the pain persisted to the following Tuesday, he went to see the company nurse, who was present at the plant only on Tuesdays and Thursdays. Claimant also

testified that he told the nurse that he fell while working on the mincemaster. She gave him a muscle relaxant, but the pain continued. Two weeks later, the nurse gave claimant more relaxants and suggested he see a family doctor if the pain persisted.

In regard to the exact date of the accident, claimant testified that he originally thought it occurred on November 7 or November 14, 1981. Claimant subsequently saw the employer's accident report on the doctor's desk. The report indicated that the accident occurred on November 20. "I told my attorney that must have been when it happened because I didn't know the date." The accident report had been filled out by Staples. Claimant repeatedly testified that he was "not very good on dates," "confused on dates because I work so many shifts and hours," and "I am not sure of the date."

On January 18, 1982, claimant saw Dr. D. Giedraitis, his family physician. He informed Dr. Giedraitis that he had fallen at work two months earlier while trying to use a large wrench on a machine. Claimant was admitted to the hospital on January 29, 1982, and a myelogram revealed a ruptured disc at L4-L5. He was scheduled for surgery on February 9, but surgery was postponed when the employer informed the doctor that more evidence was necessary to determine whether workers' compensation coverage existed. Dr. B. Chung performed a laminectomy on claimant on February 28, 1982.

Andrew Macey, a co-worker, testified for claimant that he saw claimant working with the Griffith employees. Macey observed claimant using a pipe and wrench to loosen a bolt, but did not see him fall or injure himself.

Charles Staples, a maintenance supervisor, testified for claimant that he had spoken to claimant on the day the Griffith employees were present. On that day, and again two weeks later, claimant complained to Staples of lower-back pain which was related to working on the mincemaster. Staples understood the injury occurred while claimant was lifting something. Staples stated that he has supervised claimant, but that he did not act as claimant's supervisor on that particular day.

Hans Niewalt testified for the employer that he worked with claimant at Swift in November 1981, although he was unsure of the exact date. "The date I am not really sure of but probably it was November 21st or something like that, whatever it is." Niewalt testified that he did not see claimant use any tools that day. Instead, claimant only washed machine parts to remove grease and did other odd jobs. Niewalt stated further that claimant never mentioned falling or injuring himself. Niewalt himself loosened the nuts on the mincemaster.

Niewalt did not know if claimant saw Niewalt loosening the nuts or if claimant was even in the area at the time.

Marsha Taulbee, the company nurse, testified that she saw claimant sometime in late November or early December 1981 and again a few weeks later. He complained of lower-back pain, but never mentioned that the injury was work-related. In February 1982 claimant's attorney contacted the employer regarding the accident, and an accident form was then filled out. Taulbee did not ask claimant if the injury was work-related prior to that. Taulbee also stated that claimant missed only one day of work between November 20, 1981, and the time of his hospitalization in January 1982.

Michael McElhattan, the plant manager, testified that claimant continued to work overtime from November 1981 through the last week of January 1982. McElhattan did not observe anything unusual about claimant's appearance or performance during this time period.

After hearing all the evidence, an arbitrator found that the accident occurred while the employer's mincemaster machine was being overhauled by Griffith and that the accident therefore "had to occur on Saturday, November 21, 1981." The arbitrator also found that the accident arose out of and in the course of claimant's employment. The arbitrator stated that, "[e]xcept for the confusion about the date, petitioner's testimony is entirely credible and plausible." After finding that expenses for necessary medical care had not been provided by the employer and workers' compensation benefits had not been provided, the arbitrator awarded penalties under section 19(1) of the Act.

On review the Commission adopted the findings and decision of the arbitrator. The Commission's decision noted the arbitrator's reliance on claimant's testimony and medical evidence showing a causal connection between the injury and the present condition of ill-being, but did not detail the testimony given by the witnesses. The Commission affirmed the arbitrator's award for temporary total disability and for penalties and medical expenses.

■■ The employer first contends that the Commission's decision should be set aside because the Commission failed to independently review all of the evidence before it. Employer argues that the absence of any express comment in the Commission's decision concerning the testimony of employer's witnesses or the conflicting evidence presented by each party proves that the Commission failed to consider the evidence. The arbitrator and the Commission are required to make findings of fact and law. (*Wolfe v. Industrial Com.* (1985), 138 Ill. App. 3d 680, 486 N.E.2d 280.) The Commission is permitted to adopt the findings of the arbitrator. (Ill. Rev. Stat. 1985, ch. 48, par.

138.19(e).) There is no requirement, however, that the findings be stated in any particular language. (*Wolfe v. Industrial Com.* (1985), 138 Ill. App. 3d 680, 486 N.E.2d 280.) Moreover, the commission's decision need not recite all of the underlying evidence. (See *Hart Carter Co. v. Industrial Com.* (1982), 89 Ill. 2d 487, 433 N.E.2d 1307.) A presumption exists that the Commission and the arbitrator considered all competent and proper evidence in reaching their decision. See *Thomas v. Industrial Com.* (1980), 78 Ill. 2d 327, 399 N.E.2d 1322; *Glover v. Industrial Com.* (1985), 140 Ill. App. 3d 361, 485 N.E.2d 605.

▇ The Commission here found that the arbitrator had heard all of the testimony and considered all of the evidence. The record before the Commission included the testimony of all of employer's witnesses. It is not necessary for the Commission to set forth a detailed description of all evidence presented. Moreover, it is the peculiar province of the Commission to determine credibility of witnesses, weigh testimony, and determine the weight to be given to the evidence. (*Berry v. Industrial Com.* (1984), 99 Ill. 2d 401, 459 N.E.2d 963.) Additionally, findings regarding the evidence may be implied from the Commission's decision. (See, *e.g., Coultas v. Industrial Com.* (1964), 31 Ill. 2d 527, 202 N.E.2d 485.) Thus, the Commission's reliance on claimant's evidence, instead of the employer's evidence, implies that it found claimant's evidence more credible. Furthermore, the effect of the Commission's failure to expressly find claimant's evidence to be more credible than employer's evidence does not require reversal here.

Employer's reliance on *National Biscuit, Inc. v. Industrial Com.* (1984), 129 Ill. App. 3d 118, 472 N.E.2d 91, for its argument that the Commission did not consider all the evidence is misplaced. In that case, the Commission did not adopt the arbitrator's finding. Instead, it stated that it would rely on the arbitrator's resolution of the conflicting evidence despite the fact that the Commission might have resolved the dispute differently. No such inconsistent finding is present in the case before us.

▇ Employer next contends that the arbitrator and Commission erred as a matter of law in finding, absent claimant's request to do so, that the accident occurred on a date other than the date alleged by claimant. An arbitrator and the Commission may draw reasonable inferences from the evidence and resolve disputed questions of fact and evidentiary conflicts. (*Material Service Corp. v. Industrial Com.* (1983), 97 Ill. 2d 382, 454 N.E.2d 655.) Claimant testified repeatedly that he was uncertain of the exact date of the accident because he worked irregular hours on various shifts. He originally thought it oc-

curred on November 7 or 14, but later decided it must be November 20 because that was the date on the company report. Claimant emphasized, however, that the accident occurred on the day the Griffith employees were present. Employer's evidence established that the day the Griffith employees were present was November 21. The Commission did not overstep its authority by making a finding regarding the date of the accident. Although the Commission erred in stating that claimant testified he was injured on November 21, the Commission could reasonably infer from all the evidence presented that November 21 was the date of the accident. See *General Carbon Co. v. Industrial Com.* (1972), 50 Ill. 2d 273, 278 N.E.2d 799.

Employer also contends that the commission's decision to impose penalties under section 19(1) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(1)) is against the manifest weight of the evidence. Section 19(1) provides for the imposition of penalties when the employer "without good and just cause" fails or delays in paying temporary total disability benefits. A delay of more than 14 days creates a rebuttable presumption of unreasonableness. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(1).) The purpose of imposing penalties under the Act is to expedite compensation of industrially injured workers and penalize an employer who unreasonably, or in bad faith, delays or withholds compensation due to an employee. (*Continental Distributing Co. v. Industrial Com.* (1983), 98 Ill. 2d 407, 456 N.E.2d 847, citing *Avon Products, Inc. v. Industrial Com.* (1980), 82 Ill. 2d 297, 412 N.E.2d 468.) Where a delay in the payment of compensation has occurred, the employer has the burden to demonstrate that the delay was warranted. (*Boker v. Industrial Com.* (1986), 141 Ill. App. 3d 51, 489 N.E.2d 913.) Penalties under the Act may not be imposed on an employer if the nonpayment is based on a reasonable and good faith challenge to liability. (*Ford Motor Co. v. Industrial Com.* (1984), 126 Ill. App. 3d 115, 466 N.E.2d 1221.) This is a factual question, and the Commission's determination will not be disturbed unless it is against the manifest weight of the evidence. *Board of Education v. Industrial Com.* (1982), 93 Ill. 2d 1, 442 N.E.2d 861.

Employer urges the delay in paying benefits was reasonable because the evidence was sufficiently conflicting regarding whether or not an accident ever occurred. We agree, for several reasons. First, the employer was faced with the confusion as to when the accident occurred. On February 9, 1982, claimant filed an application for adjustment of claim stating that the accident occurred on either November 7 or November 14, 1981. That date was not amended to November 20, 1981, until much later. Subsequently, the exact date of the

accident was found to be November 21. While claimant clearly stated that the accident occurred on the day the Griffith employees were present, the Griffith employees disclaimed any knowledge of the accident.

Second, the employer was not presented with any accident witnesses. The Griffith employees who were working with claimant when the accident occurred stated that they did not see claimant use any tools or fall. Although claimant said he fell while loosening nuts on the mincemaster, a Griffith employee claimed that he had loosened those nuts himself.

Next, the employer was not notified of the accident, through an accident report made by an employee, or claimant's absenteeism, or claimant's seeking immediate medical treatment. According to the employer's nurse, claimant did not report the accident when he saw her a few days later. Although Staples heard claimant complain of back pain, Staples believed it was due to a lifting injury suffered in connection with his work on the mincemaster. Also, according to Staples, he was not claimant's supervisor that day. Additionally, during the two months following the accident, claimant continued to work overtime and missed only one day of work. Finally, claimant did not begin receiving medical treatment until two months after the injury.

■ Faced with no accident witnesses, no accident report, and no medical treatment until two months after the accident, along with the subsequent confusion as to when the accident occurred, the employer's belief that claimant was not entitled to compensation was not unreasonable. The only reasoning given by the arbitrator for imposing penalties was that the employer had not paid either workers' compensation or group insurance benefits and that the Act was not "intended to allow injured workers to be ensnared by red tape and squabbling between insurance companies." Under the circumstances, this reasoning is insufficient to sustain the award of penalties. We find that the Commission's decision to impose penalties was against the manifest weight of the evidence.

In sum, we find ample evidence to support the Commission's decision that the accident arose out of and in the course of claimant's employment with Swift. Furthermore, we find that the Commission independently reviewed all the evidence before it. The Commission did not err in adopting the findings and decision of the arbitrator, including the finding that the accident occurred on November 21, 1981. However, we hold that the Commission's award of penalties is against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of

Kane County confirming the Commission's award of temporary total disability is affirmed, and the judgment confirming the Commission's award of penalties is reversed.

Affirmed in part and reversed in part.

WOODWARD, BARRY, McCULLOUGH, and KASSERMAN, JJ., concur.