AGNES SKZUBEL, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.*, (Four M Distributors, Inc., *et al.*, Appellees).

First District (Illinois Workers' Compensation Commission Division)
No. 1—09—0442WC

Opinion filed May 4, 2010.

John W. Powers, of Cullen, Haskins, Nicholson & Menchetti, P.C., of Chicago, for appellant.

Scott Schreiber and Matthew Novak, both of Garofalo, Schreiber, Hart & Storm, of Chicago, for appellees.

JUSTICE HUDSON delivered the opinion of the court:

Claimant, Agnes Skzubel, filed an application for adjustment of claim seeking benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2002)). The arbitrator denied the claim, finding claimant had not proved that she was an employee of respondent Four M Distributors, Inc., within the meaning of the Act. Respondent Chicago Sun-Times was also named as a statutory employer in accordance with section 1(a)(3) of the Act (820 ILCS 305/ 1(a)(3) (West 2002)); however, the arbitrator found no such relationship existed based entirely upon his finding that claimant was not an employee of Four M. The arbitrator found all other issues moot. The Workers' Compensation Commission (Commission) (with one commissioner dissenting) affirmed, adopting the decision of the arbitrator. The Commission also stated, "In addition to the Arbitrator's findings, the Commission finds [claimant] fails [*sic*] to prove accident." Claimant sought judicial review. In her initial petition before the trial court, she did not address the Commission's finding regarding her failure "to prove accident." Accordingly, the trial court found this issue waived. The trial court also found that the Commission's decision regarding claimant's employment status was not contrary to the manifest weight of the evidence. It therefore confirmed the Commission's decision. Claimant now appeals to this court. For the reasons that follow, we reverse in part, vacate in part, and remand for further proceedings.

## BACKGROUND

Four M is in the business of distributing newspapers to stores and vendors for the Sun-Times. It maintains a distribution center in Schaumburg. Four M's contract with the Sun-Times required it to deliver dry, readable, and complete newspapers to their destinations by 6:30 a.m. Four M also prepared and distributed bills and collected payments from subscribers. The Sun-Times would relay customers' special delivery instructions to Four M.

Four M purports to use independent contractors to deliver newspapers. It enters into a contract with people who deliver

newspapers for it. Delivery drivers service a specific route, which Four M may amend at any time without notice. The contract states that a driver is not an employee. The driver uses his or her own vehicle. Though the rate per paper the driver is to receive is set in the contract, Four M may change it without notice to the driver. Four M may terminate the agreement at any time, but the driver must give seven days' notice to cancel the agreement.

New drivers are provided with a "suggested route." These "suggestions" are written down for new drivers. A driver may deviate from the route so long as newspapers are delivered by the required time. David Mazza, Four M's president, explained that he wrote out the instructions because he sometimes had to "cover" a route if a driver was sick or had car problems.

Claimant testified that she applied for work with Four M after reading an advertisement in a local newspaper. She spoke to Vito Orave, who told her to come in for an interview. She did so, and they discussed the terms of her employment. Claimant testified that she did not speak to anyone besides Orave before commencing work and that they operated pursuant to a verbal agreement. She did not sign a contract of any sort.

Claimant's immigration status was pending at the time she commenced work. Mazza testified that he never spoke with her and that he could not recall whether it was her or her husband who initially contacted Four M. Claimant was given a contract, which her husband signed. She explained that her husband signed the contract because she could not yet legally work. Four M issued paychecks in her husband's name. Her husband never performed any work for Four M.

Claimant worked for Four M every day for almost two years. She worked exclusively for Four M, and she never sought to acquire any of her own customers. She did not advertise or hold herself out as an independent courier. In accordance with Four M's instructions, each newspaper was placed in a plastic bag. Four M would provide additional special instructions in the morning. Instructions might include directions to place a paper on the porch or in the driveway. Occasionally, Four M would give claimant "last minute" instructions for certain deliveries. Four M compensated drivers for the cost of gasoline. Claimant also collected payments for Four M, for which she was paid a flat rate per day.

The arbitrator determined that claimant was not an employee of Four M. He focused primarily on the facts that claimant's husband signed the contract with Four M and that paychecks were issued in his name. The arbitrator noted that there was no evidence of any payments from claimant's husband to her. Accordingly, the arbitrator

reasoned, "Without any evidence of payment there is no evidence of a contractual relationship." Inexplicably, the arbitrator also noted that there was a question regarding whether claimant was an independent contractor and recounted claimant's activities at Four M. However, the arbitrator never made a ruling on this question after recounting the evidence or otherwise addressed the significance of claimant's activities, instead relying exclusively on the fact that the employment contract was signed by claimant's husband and that his name appeared on the paychecks issued by Four M. The arbitrator also found that since claimant was not an employee of Four M, the Sun-Times could not be a statutory employer.

A majority of the Commission adopted the decision of the arbitrator. Without providing any explanation whatsoever, the Commission also stated, "In addition to the Arbitrator's findings, the Commission finds [Claimant] fails to prove accident." One commissioner dissented. He noted that, despite the fact that claimant's husband had signed the contract, Four M was well aware that it was claimant who was working for it. He also noted that Four M "was duplicitous in allowing [claimant] to work despite her immigration status," and given its participation in the sham agreement which allowed her to work, "it waived the argument that she was not the named contractor." The dissenting commissioner also recounted the factors used in assessing whether a relationship constitutes employment. He specifically noted the degree of control Four M exercised over claimant's work as well as the fact that claimant's job was an essential component of Four M's business. He concluded that the relationship between Four M and claimant was employment.

The trial court confirmed the decision of the Commission. It stated that, though it agreed with the dissenting commissioner, there was sufficient evidence in the record to support the majority's decision. In the course of the proceedings before the trial court, the Sun-Times argued that the Commission's finding that claimant had not proven an employment-related accident was not against the manifest weight of the evidence. As claimant did not attack this finding in her opening brief, the trial court found claimant had waived it. Curiously, the trial court also "barred [claimant] from raising this issue on appeal" (we are unaware of any authority which would allow the trial court to limit the issues of which this court may take cognizance).

## ANALYSIS

■ We begin our analysis with the well-settled legal principle that proof of an employer-employee relationship at the time of an accident is an essential element of any action for an award under the Act. *Alex-*

*ander v. Industrial Comm'n*, 72 Ill. 2d 444, 448 (1978). In the seminal case of *Ware v. Industrial Comm'n*, 318 Ill. App. 3d 1117, 1122 (2000), this court set forth the following factors to be considered in determining whether a person is an employee or an independent contractor:

"No rigid rule of law exists regarding whether a worker is an employee or an independent contractor. *Area Transportation Co. v. Industrial Comm'n*, 123 Ill. App. 3d 1096, 1099 (1984). Rather, courts have articulated a number of factors to consider in making this determination. The single most important factor is whether the purported employer has a right to control the actions of the employee. *Bauer v. Industrial Comm'n*, 51 Ill. 2d 169, 172 (1972). Also of great significance is the nature of the work performed by the alleged employee in relation to the general business of the employer. *Ragler Motor Sales v. Industrial Comm'n*, 93 Ill. 2d 66, 71 (1982); *Peesel v. Industrial Comm'n*, 224 Ill. App. 3d 711, 716 (1992). Additional factors to consider are the method of payment, the right to discharge, the skill the work requires, which party provides the needed instrumentalities, and whether income tax has been withheld. *Wenholdt v. Industrial Comm'n*, 95 Ill. 2d 76, 80-81 (1983). Finally, a factor of lesser weight is the label the parties place upon their relationship. *Early*, 197 Ill. App. 3d at 317. The term 'employee,' for purposes of the Act, should be broadly construed. *Chicago Housing Authority v. Industrial Comm'n*, 240 Ill. App. 3d 820, 822 (1992)."

Whether a claimant is an employee or independent contractor presents a question of fact subject to review under the manifest-weight standard. *Netzel v. Industrial Comm'n*, 286 Ill. App. 3d 550, 553 (1997). Thus, we will reverse a decision of the Commission on this issue only if it is contrary to the manifest weight of the evidence. *Netzel*, 286 Ill. App. 3d at 553. The Commission's decision is against the manifest weight of the evidence where an opposite conclusion is clearly apparent. *Caterpillar, Inc. v. Industrial Comm'n*, 228 Ill. App. 3d 288, 291 (1992).

■ On the record before us, we conclude that the dissenting commissioner came to the proper result and that the decision of the majority is contrary to that indicated by the manifest weight of the evidence. As the dissenting commissioner observed, Four M was aware that it was the claimant, and not her husband, who was actually delivering papers. He reached this conclusion based on the facts that claimant rather than her husband had been showing up and delivering papers and that Four M's owner acknowledged the he knew claimant "from driving her route." The record clearly indicates that Four M dictated both the working days and working hours of its paper couriers; it instructed on the manner in which papers were to be packed; it

determined to whom papers were to be delivered; and, in some cases, it issued specific delivery instructions. Clearly, Four M controlled the actions of the newspaper couriers such as the claimant. See *Ware*, 318 Ill. App. 3d at 1123 ("Although the test focuses upon the right to control, the actual exercise of control is strong evidence of the employer's right to control"). Next, it is equally clear that the work performed by the newspaper couriers is necessary to Four M's operations as a newspaper distributor. Further indicative of an employer-employee relationship between the claimant and Four M was Four M's ability to terminate the claimant's services without notice and the lack of any skill required for the claimant to perform her duties. It is true that a number of factors for consideration could support a finding that the claimant was an independent contractor. The contract entered into between Four M and the claimant's husband listed their relationship as one of principal and independent contractor, the claimant used her own vehicle to deliver papers, Four M did not instruct her as to which route to take in making her deliveries, and taxes were not withheld from her pay. However, these factors are of minor significance when compared to the control that Four M exercised over its newspaper couriers such as the claimant and the nature of the claimant's work in relation to the general business of Four M. Indeed, in *Ware*, this court characterized the right to control an individual's actions as "the most important factor" and the relationship of the work performed to the respondent's business a factor of "great significance." *Ware*, 318 Ill. App. 3d at 1122-23. Conversely, the label placed upon the relationship in the agreement under which the parties were operating is but "a minor consideration." *Ware*, 318 Ill. App. 3d at 1126. For these reasons, the Commission's finding that the claimant was not an employee of Four M is against the manifest weight of the evidence as the opposite conclusion is clearly apparent. See *Ware*, 318 Ill. App. 3d at 1122-27.

■ We next confront the question of whether the Sun-Times was a statutory employer of claimant. See 820 ILCS 305/1(a)(3) (West 2002). The Commission made no specific finding on this subject beyond adopting the position of the arbitrator. The arbitrator based his decision that the Sun-Times was not a statutory employer on his erroneous conclusion that claimant was not an employee of Four M, holding, "Since [claimant] was the wife of an independent contractor and not an 'employee' of Four M Distributors, the Chicago Sun-Times cannot be a statutory employer under the Act." As the arbitrator's decision is based on an incorrect factual predicate, we vacate this portion of the decision and direct that it be reconsidered on remand in light of our holding that claimant was an employee of Four M.

■ Before closing, one issue remains to be addressed—the Commission's cryptic finding that claimant failed "to prove accident." The arbitrator, finding all issues beyond whether claimant was an employee of Four M or a statutory employee of the Sun-Times moot, made no express findings on this issue. Thus, the Commission's order cannot be read as adopting the findings of the arbitrator on the issue of accident. Indeed, the express language used by the Commission is as follows: "*In addition to the Arbitrator's findings,* the Commission finds [claimant] fails [*sic*] to prove accident." (Emphasis added.) Thus, it is apparent that, whatever the Commission believed it was doing, its finding involved something beyond that which was contained in the arbitrator's decision. The problem for us in reviewing this finding is that the Commission did not set forth any basis for its decision on this issue or make any factual findings in support of it. See *Reinhardt v. Board of Education of Alton Community Unit School District No. 11*, 61 Ill. 2d 101, 103 (1975) ("It is clear that a decision by an administrative agency must contain findings to make possible a judicial review of the agency's decision").

In *Swift & Co. v. Industrial Comm'n*, 150 Ill. App. 3d 216, 220 (1986), we held, "The arbitrator and the Commission are required to make findings of fact and law." It is true that these findings need not be stated in any particular language. *Illinois Bell Telephone Co. v. Industrial Comm'n*, 265 Ill. App. 3d 681, 686 (1994). Moreover, if possible, findings may be implied from the Commission's decision. *Illinois Bell Telephone Co.*, 265 Ill. App. 3d at 686. In this case, however, it is not possible to imply findings from the Commission's decision simply because the decision is so scant. We cannot deduce, for example, whether the Commission rejected the testimony presented by claimant for credibility reasons or if it found claimant's evidence credible but insufficient to prove accident. The Sun-Times asserts that the Commission "clearly" decided this issue based upon discrepancies in various medical histories provided by claimant to various medical providers. It is certainly possible that the Commission did so; however, the only thing *clear* to us is that the Commission did not identify this as the basis for its decision and that there is no basis in its decision for inferring that it did.

The trial court found that claimant had waived this issue because she did not raise it in her opening brief before that court. Given the fact that the Commission set forth only a conclusory finding on the issue, we are unsure what it was that claimant was supposed to have raised. No findings existed that she could have argued were against the manifest weight of the evidence. The only thing claimant could have done was collect the evidence in the record that supported her

position and set it forth like she had before the Commission. This would have required the trial court, and then this court, to assess the evidence without the benefit of the Commission's expertise. Indeed, requiring claimant to proceed in this matter would turn the appellate review process into simple re-argument. Further, not providing any factual findings or reasoning to guide the review process is contrary to the Commission's role as the "ultimate decisionmaker" in workers' compensation cases. See *Roberson v. Industrial Comm'n*, 225 Ill. 2d 159, 173-74 (2007).

Under these circumstances, we are compelled to vacate the Commission's conclusory finding that claimant failed to prove an accident and remand this cause to allow the Commission to make appropriate findings on this issue, that is, if it chooses to adhere to this conclusion. On remand, the Commission may conduct whatever proceedings it determines are necessary to properly resolve this case. Finally, we note that the rules of waiver are a prerogative of the court and are not jurisdictional in nature. *Village of South Elgin v. Waste Management of Illinois, Inc.*, 348 Ill. App. 3d 929, 934 (2004). Assuming *arguendo* that claimant waived the issue of "accident," given the inadequacy of the Commission's decision, we decline to apply the waiver rule.

In conclusion, we reverse the decision of the circuit court of Cook County confirming the decision of the Commission with regard to claimant's employment status with Four M. We vacate those portions of the trial court's decision and the Commission's decision pertaining to the Sun-Times status as a statutory employer and those portions determining that claimant failed to prove an accident. We remand this cause for further proceedings consistent with this opinion.

Reversed in part and vacated in part; cause remanded with directions.

McCULLOUGH, P.J., and HOFFMAN, HOLDRIDGE, and DONOVAN, JJ., concur.