Odilon Visoso, also known as Adam Rodriguez,
appellant, v. Cargill Meat Solutions, appellee.
___ N.W.2d ___

Filed February 14, 2014.    No. S-13-454.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of
   the Workers' Compensation Court may be modified, reversed, or set aside only
   upon the grounds that (1) the compensation court acted without or in excess of its
   powers; (2) the judgment, order, or award was procured by fraud; (3) there is not
   sufficient competent evidence in the record to warrant the making of the order,
   judgment, or award; or (4) the findings of fact by the compensation court do not
   support the order or award.
2. **Workers' Compensation: Evidence: Appeal and Error.** In testing the suf-
   ficiency of the evidence to support the findings of fact, the evidence must be
   considered in the light most favorable to the successful party, every contro-
   verted fact must be resolved in favor of the successful party, and the successful
   party will have the benefit of every inference that is reasonably deducible from
   the evidence.

Appeal from the Workers' Compensation Court: Daniel R.
Fridrich, Judge. Reversed and remanded.

Ryan C. Holsten and Leslie S. Stryker, Senior Certified Law
Student, of Atwood, Holsten, Brown & Deaver Law Firm, P.C.,
L.L.O., for appellant.

Caroline M. Westerhold and Jenny L. Panko, of Baylor,
Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
and Miller-Lerman, JJ.

Heavican, C.J.
## INTRODUCTION
In a prior appeal, Odilon Visoso appealed the decision
of the Nebraska Workers' Compensation Court's finding that
he had failed to meet his burden of proving loss of earning
capacity in his new community in Mexico and declining his
claim for permanent impairment. We remanded the cause to
permit Visoso to establish loss of earning capacity using the
Schuyler, Nebraska, community where the injury occurred.
On remand, the compensation court reviewed the previously

submitted earning capacity reports and found Visoso suffered a 45-percent loss of earning capacity. Visoso appeals. We reverse, and remand.

## BACKGROUND

Visoso, also known as Adam Rodriguez, began working for Cargill Meat Solutions (Cargill) in Schuyler in March 2006. On May 9, Visoso was injured when a quarter slab of beef fell from a conveyor belt hook onto Visoso's head. Visoso's initial medical treatment included physical therapy, chiropractic services, pain medication, and steroid injections. Visoso eventually required surgery on his neck in October 2007, but continued to experience pain. After a trial in 2008, Visoso was awarded temporary total disability benefits. The Nebraska Court of Appeals affirmed the award.[1]

In 2011, Cargill petitioned to discontinue the temporary disability benefits because Visoso had reached maximum medical improvement. Vocational rehabilitation counselor Karen Stricklett was appointed to provide a report on Visoso's loss of earning capacity. While the modification action was pending, Visoso returned to Mexico.

Stricklett prepared a preliminary report of Visoso's loss of earning capacity based on the Schuyler area. In a followup report, Stricklett sought assistance in performing labor market research in the Chilpancingo, Guerrero, Mexico, area. The compensation court determined that the Chilpancingo area was the appropriate hub, but denied the request to compel Cargill to pay for market research because it found no reliable, relevant statistical information existed regarding that area.

Around this time, Visoso retained another vocational rehabilitation expert, Helen Long. Long provided a report concluding that Visoso had sustained a 100-percent loss of earning capacity, regardless of his location. After Long's report was submitted, Stricklett submitted a final report in which she maintained that she was unable to provide an analysis with a reasonable degree of certainty for the Chilpancingo area.

---

[1] See *Visoso v. Cargill Meat Solutions*, 18 Neb. App. 202, 778 N.W.2d 504 (2009).

The parties stipulated that Visoso had reached maximum medical improvement, so the compensation court terminated Cargill's obligation to pay benefits for temporary disability. However, the compensation court found Visoso had failed to meet his burden of proving loss of earning capacity in his new community in Mexico and therefore declined Visoso's claim for permanent impairment and loss of earning capacity. Visoso appealed. This court held:

> When no credible data exists for the community to which the employee has relocated, the community where the injury occurred can serve as the hub community. Therefore, we remand the cause to the Workers' Compensation Court to allow Visoso to attempt to establish permanent impairment and loss of earning capacity using Schuyler as the hub community.[2]

On remand, a single judge of the compensation court reviewed the existing earning capacity reports and found Stricklett's earning capacity report was correct and had not been rebutted. The compensation court thus concluded Visoso had suffered a 45-percent loss of earning capacity. Visoso appeals this determination.

## ASSIGNMENTS OF ERROR

Visoso assigns, reordered, that the compensation court erred in (1) finding that the opinions of Stricklett were never rebutted and (2) failing to allow the parties to present new evidence regarding loss of earning capacity based on the Schuyler hub community.

## STANDARD OF REVIEW

[1] A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order,

---

[2] *Visoso v. Cargill Meat Solutions*, 285 Neb. 272, 290, 826 N.W.2d 845, 860 (2013).

judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[3]

## ANALYSIS

### REBUTTAL EVIDENCE

In his first assignment of error, Visoso claims the compensation court erred in finding that the opinions of Stricklett were not rebutted.

Under Neb. Rev. Stat. § 48-162.01(3) (Reissue 2010),

[a]ny loss-of-earning-power evaluation performed by a vocational rehabilitation counselor shall be performed by a counselor from the directory established pursuant to subsection (2) of this section and chosen or selected according to the procedures described in this subsection. It is a rebuttable presumption that any opinion expressed as the result of such a loss-of-earning-power evaluation is correct.

In its order, the compensation court stated that it had reviewed the reports of Stricklett and Long. However, it does not appear from the order that the judge reviewed any other part of the record. The order notes that the court found Stricklett's report to be more persuasive. The order also states that "Long never attacked any points made by . . . Stricklett or pointed out any errors in . . . Stricklett's methods or conclusions. Given that . . . Long wrote her report before . . . Stricklett's ultimate conclusions were published, it's easy to see why."

Visoso argues there was evidence in the record rebutting the opinions of Stricklett. Specifically, he points to the deposition and trial testimony of Long.

Long's deposition and trial testimony were produced after Stricklett's final report and include comments by Long regarding what she perceived as faults in Stricklett's report. Thus, it appears there was at least some evidence in the record which was relevant but not considered on remand. Where, as here, the compensation court failed to weigh all of the evidence in making its factual findings, we are unable to determine on

---

[3] *Sellers v. Reefer Systems*, 283 Neb. 760, 811 N.W.2d 293 (2012).

review whether the findings of fact by the compensation court supported the order.

Our holding is consistent with the approach taken by other jurisdictions presented with this issue. In *American Mut. &c. Ins. Co. v. Williams*,[4] the Georgia Court of Appeals noted that "[w]henever the courts feel that in making findings of fact the [State Board of Workmen's Compensation] has failed to weigh all the evidence, the practice has been to recommit the case to the board for further consideration."[5] We therefore remand this cause so that the compensation court may make a finding as to whether Stricklett's report was rebutted after considering all of the evidence in the record.

## Sufficiency of Evidence
### in Record

In Visoso's second assignment of error, he asserts the compensation court erred in not allowing the parties to present new evidence of loss of earning capacity based on the Schuyler hub community. Visoso argues that the evidence previously submitted was not fully developed because the compensation court had determined the appropriate hub to be Chilpancingo and, because the evidence was not fully developed, that there was not sufficient evidence in the record to warrant the making of the order. Since we are remanding this cause under Visoso's first assignment of error, we now consider his second assignment of error to determine whether the parties should be allowed to present additional evidence on remand.

[2] This court has stated that among the limited grounds upon which an order of the compensation court may be modified, reversed, or set aside is that there is not sufficient competent evidence in the record to warrant the making of the order.[6]

---

[4] *American Mut. &c. Ins. Co. v. Williams*, 133 Ga. App. 257, 259, 211 S.E.2d 193, 195 (1974).

[5] Cf., *Miller v. Lauridsen Foods, Inc.*, 525 N.W.2d 417 (Iowa 1994); *Swift & Co. v. Industrial Com.*, 150 Ill. App. 3d 216, 501 N.E.2d 752, 103 Ill. Dec. 435 (1986).

[6] *Sellers, supra* note 3.

> In testing the sufficiency of the evidence to support the findings of fact, the evidence must be considered in the light most favorable to the successful party, every controverted fact must be resolved in favor of the successful party, and the successful party will have the benefit of every inference that is reasonably deducible from the evidence.[7]

Although the compensation court determined that Visoso's new community was the appropriate hub to determine loss of earning capacity, evidence was also received into the record regarding loss of earning capacity based on the Schuyler area, including reports, depositions, and testimony. At the hearing on the application for modification, Cargill objected on relevance to all questions related to loss of earning power in the Schuyler area, but the compensation court overruled the objections and allowed the evidence. The reports submitted by both vocational rehabilitation experts contain analyses and conclusions for both Schuyler and Visoso's new community in Mexico and do not in any way indicate that they are incomplete as to the Schuyler area. Visoso has failed to identify what additional information was needed and not previously submitted into evidence.

Contrary to the argument made by Visoso, the record in this case suggests that the evidence received regarding the Schuyler area was complete. We find that the evidence was sufficient to warrant an order by the compensation court and that no additional evidence is needed on remand.

### CONCLUSION

We reverse the decision of the compensation court and remand the cause for further reconsideration.

REVERSED AND REMANDED.

CASSEL, J., not participating.

---

[7] *Frauendorfer v. Lindsay Mfg. Co.*, 263 Neb. 237, 244-45, 639 N.W.2d 125, 134 (2002).